IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

ANTHONY B. WASHINGTON, )
)
                Plaintiff, )
)
v. ) No. CIV 14-095-RAW-SPS
)
ANITA TRAMMELL and )
DAVID ORMAN, )
)
                Defendants. )

## OPINION AND ORDER

This action is before the court on the defendants' motion to dismiss and the court's own motion to consider dismissal of the case as frivolous under 28 U.S.C. § 1915. The court has before it for consideration plaintiff's complaint (Dkt. 1) and the defendants' motion (Dkt. 17).

Plaintiff is an inmate in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at Joseph Harp Correctional Center in Lexington, Oklahoma. He brings this action under the authority of 42 U.S.C. § 1983, seeking monetary relief for alleged constitutional violations during his incarceration at Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma. The defendants are OSP Warden Anita Trammell and OSP Mailroom Supervisor David Orman.[1]

Plaintiff complains that his previous case, *Washington v. Howard*, CIV-13-257-FHS-SPS (E.D. Okla. Aug. 20, 2013), was dismissed without prejudice for his failure to prosecute. The dismissal was based on plaintiff's failure to accept mail that was returned to the court as refused. *Id.* He later filed motions in that action to reopen the case and for summary

---

[1] To the extent the defendants are sued in their official capacities as DOC officials, plaintiff's claims are barred by the Eleventh Amendment. It is well settled that a damages suit against a state official in his official capacity is merely another way of pleading an action against the State. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1988) (state officials sued in their official capacities are not "persons" for purposes of a § 1983 suit, because the suit is against the official's office and not against the official).

judgment, alleging he did not refuse his mail. The district court denied the motions on March 19, 2014, and the Tenth Circuit Court of Appeals affirmed on October 20, 2014, in Case No. 14-7021.

In the present lawsuit plaintiff maintains he did not refuse any mail from the court. He apparently is claiming Defendant Orman returned his mail to the court without his knowledge, and Defendant Trammell allowed Orman to continue working at OSP after the incident.

The defendants allege, among other things, that plaintiff has not shown they personally participated in a violation of his constitutional rights. "Personal participation is an essential allegation in a § 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (citations omitted). *See also Mee v. Ortega*, 967 F.2d 423, 430-31 (10th Cir. 1992). Plaintiff must show that a defendant personally participated in the alleged civil rights violation. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). Supervisory status is not sufficient to support liability under § 1983. *Id. See also Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

After careful review the court finds there is nothing in the record in this case or in plaintiff's previous case showing that Defendant Orman intentionally refused plaintiff's legal mail. As for Defendant Trammel, plaintiff only claims she was Orman's supervisor and should be held responsible for Orman's alleged acts. Because plaintiff has failed to demonstrate the defendants personally participated in the refusal of plaintiff's legal mail, his claim fails.

Based on the foregoing reasons the court finds the allegations in plaintiff's complaint are vague and conclusory, and the allegations do not rise to the level of a constitutional violation. The Tenth Circuit Court of Appeals consistently has held that bald conclusions, unsupported by allegations of fact, are legally insufficient, and pleadings containing only such conclusory language may be summarily dismissed or stricken without a hearing. *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990); *Lorraine*

v. *United States*, 444 F.2d 1 (10th Cir. 1971). "Constitutional rights allegedly invaded, warranting an award of damages, must be specifically identified. Conclusory allegations will not suffice." *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981) (citing *Brice v. Day*, 604 F.2d 664 (10th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980)).

The court authorized commencement of this action *in forma pauperis* under the authority of 28 U.S.C. § 1915. Subsection (e) of that statute permits the dismissal of a case when the court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact. *Nietzke v. Williams*, 490 U.S. 319 (1989); *Yellen v. Cooper*, 828 F.2d 1471, 1475 (10th Cir. 1987).

**ACCORDINGLY,** this action is, in all respects, DISMISSED as frivolous. This dismissal shall count as a STRIKE, pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED** this __25__ day of March 2015.

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**